IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DONALD E. RAGSDALE and　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
TRACY L. RAGSDALE

v.　　　　　　　　　　　　NO. 3:11CV00094 JLH

RONNIE BYASSEE d/b/a
BYASSEE TRUCKING COMPANY　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## OPINION AND ORDER

This case arises out of a collision between two tractor-trailer rigs. The plaintiffs, Donald E. Ragsdale and Tracy L. Ragsdale, are residents of Arkansas, while the defendant, Ronnie Byassee d/b/a Byassee Trucking Company, is a resident of Missouri. The complaint alleges that Donald Ragsdale was driving a tractor-trailer rig when it was struck from behind by a truck owned by Byassee and driven by one of Byassee's drivers. Byassee has moved to transfer venue from the Eastern District of Arkansas to the Eastern District of Missouri or, in the alternative, to dismiss the action for lack of personal jurisdiction.

Because subject matter jurisdiction in this action is based solely on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

As mentioned, Byassee is a resident of Missouri, not Arkansas, so section 1391(a)(1) does not provide for venue in the Eastern District of Arkansas. Subsection (a)(3) does not apply because there is a district in which the action may otherwise be brought, *i.e.*, the Eastern District of Missouri. The

argument over venue concerns subsection (a)(2)—whether a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Arkansas.

The initial complaint did not specify where the accident occurred. The Ragsdales filed an amended complaint in which they alleged that the accident occurred partly in Arkansas and partly in Missouri. More specifically, they alleged that at the time of the accident Donald Ragsdale's tractor was in Missouri but his trailer was in Arkansas, and it was the trailer, not the tractor, that was struck. Byassee contends in his motion to transfer that, based on the police report, the accident occurred 1,500 feet inside the Missouri border. The Ragsdales now concede in their response to the motion to transfer that the accident occurred some 1,000 to 1,500 feet within Missouri. Accordingly, it is undisputed that the collision occurred in the Eastern District of Missouri, not in Arkansas.

Nevertheless, the Ragsdales contend that venue is proper in the Eastern District of Arkansas as well as in the Eastern District of Missouri because, they say, a substantial part of the events or omissions giving rise to the claim occurred in Arkansas. They argue that the accident began when Donald Ragsdale began slowing in Arkansas to make a turn and the Byassee truck failed to keep a proper lookout in Arkansas before striking the Ragsdale truck in Missouri, just across the state line. They also say that all of their medical proof is located in Arkansas and that Donald Ragsdale's workers' compensation claim is being heard in Arkansas.

Neither the location of the plaintiffs' medical proof nor the venue for Donald Ragsdale's workers' compensation claim is relevant to the issue of whether venue is proper in this district. In *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997), the court held that the plaintiff, a Wisconsin resident who had been injured in an accident in South Dakota, could not sue in Wisconsin based on the fact that she received medical treatment there. *See also Rodriguez v.*

*Jones*, No. 99-C-4045, 1999 WL 965714, at *1 (N.D. Ill. Oct. 14, 1999); *Smith v. Fortenberry*, 903 F. Supp. 1018, 1020-21 (E.D. La. 1995) (holding that a substantial part of the events or omissions giving rise to the claim occurred where the accident occurred, not where the plaintiff received treatment). To adopt the Ragsdales' argument would mean, in effect, that in nearly every personal injury case venue would lie where the plaintiff resides because an injured person typically will receive medical treatment in the state where he resides. As the Eighth Circuit has said of the virtually identical section 1391(b)(2), "if Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

This is not a case in which several events or omissions give rise to the claim. What gives rise to the claim is the collision, which occurred in Missouri, not in Arkansas. And while it is often true that a substantial part of the events or omissions can occur in more than one venue, the Ragsdales have cited no case involving a vehicular collision in which the collision occurred in one district but the court held that a substantial part of the events or omissions giving rise to the lawsuit occurred in another district. *Cf. Beshears v. Greyhound Lines, Inc.*, No. 2:04-CV-1014-F, 2005 WL 1367211, at *2 (M.D. Ala. June 6, 2005) (finding venue improper in a district other than where the accident occurred even though the plaintiff, *inter alia*, started her bus ride and purchased her bus ticket in that district).

When an action is brought in the wrong district, the court may dismiss the action or, in the interest of justice, transfer it to a district in which it could have been brought. 28 U.S.C. § 1406(a). Venue is improper in this district because the defendant does not reside in this district and no substantial part of the events or omissions giving rise to the claim occurred in this district. In the

interest of justice, this action will be transferred to the Eastern District of Missouri. *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because . . . dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'"); *see also Dilhelm v. Yott*, No. Civ-5-08-210-FCD166H, 2009 WL 2579782, at *1-2 (E.D. Cal. Aug. 19, 2009) (transferring an action from the Eastern District of California to the District of Nevada where the automobile accident in question occurred). Because Byassee has requested that the action be transferred to a district where he is subject to personal jurisdiction, and because the Court is granting that request, the Court need not and does not reach the issue of whether Byassee is subject to the personal jurisdiction of courts in Arkansas.

IT IS SO ORDERED this 29th day of September, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE